I think the person produced ought to be examed as a witness. The objection is one which goes to his credit rather than to his competency — it affects his present opinions, not his belief in times past. And to this effect, I apprehend are the leading authorities.
Several objections may be urged against the competency of witnesses, as infancy, interest in the event of a suit, infamy of character and a defect of religious belief. In most of these cases, the practice has been to examine the person produced as a witness on his voire dire and to admit him, if, by his answers, he purge himself of the objections against him. Infamy of character, as a conviction for an infamous offence, can be removed by pardon. As to religions belief, *Page 545 
it appears sufficient if the person declare his belief in the existence of God and in the obligation of an oath.
In Starkie on Evidence, we find the following laid down as the practice in England on this subject — "before a witness takes an oath he may be asked whether he believes in the existence of a God, in the obligation of an oath, and in a future state of rewards and punishments; and if he does, he may be admitted to give evidence." 1 Stark. Ev. 93; R. vs. Taylor, Peake's N. P. R. 11. "And it seems he ought to be admitted if he believes in the existence of a God who will reward or punish him in this world, although he does not believe in afuture state." 1 Stark. Ev. 93; and Omichund vs. Barker, Willes, 550. In Hunscum vs. Hunscum, 15 Mass. Rep. 184, it was held that a disbelief in a future state of existence alone, goes to the credibility of a witness. To the same effect also have been the decisions in New York; as in Butts vs. Swartwood, 2 Cow. Rep. 431; and in People vs. Matteson,
to be found in a note in 2 Cow. Rep. 433, Walworth, circuit judge, is reported to have said that the opinion of Spencer, chief justice, in Jackson vs. Gridley, 18 Johns. 98, was merely an obiter dictum, so far as that opinion considered the want of belief of the witness in a future state of rewards and punishments.
The evidence offered to prove the former opinions of this man shows that, at some former period, he did not believe in the immortality of the soul, or in a state of future rewards and punishments; and that he did not know whether he believed or not in the existence of God: on this latter subject it appears he expressed no opinion. It is easy to perceive the embarrassment under which a very honest witness might labor, if former opinions should be suddenly sprung upon him, unless an opportunity were afforded him to explain those opinions, otherwise than by rebutting testimony. The administration of public justice might be seriously impeded. In this case, the party not denying that he has held the opinions attributed to him, now declares that those opinions have been changed, and that, after reading and reflection, he has been convinced of the existence of God, and of a future state of rewards and punishments.a
 The defendants were afterwards convicted. *Page 546 
There was also an indictment against the same defendants for "disturbing a religious meeting;" the two indictments arising out of the same transaction, the riot having occurred in a meeting house and during worship. This last case was submitted, subject to the opinion of the court upon the plea of autrefois convict.
For the defendants it was contended, that this was the same offence with the riot, or was merged in it; and that a conviction would be to punish twice for the same offence. Const. Art. 1, Sec. 8; 2Bale's P. C. 251, ch. 32; 2 Hawk. Tit. Bar; 4 Coke's Rep. 43,Hudson's case; 4 Blac. Com. 335.
Rogers, deputy attorney general, contra, contended that two distinct and substantive offences might grow out of the same state of facts, and be punished accordingly. Archb. C. P. 2; 2 Russ. onCrimes, 43; 2 Hawk. P. C. 527, sec. 5.
Per Curiam.
a In Jackson vs. Gridley, Ch. Jus. Spencer approved ofCurtis vs. Strong. He said "it being proved by other and competent witnesses that the witness offered had deliberately acknowledged himself to be an infidel, and disbelieved in a future state of rewards and punishments, the incompetency of the witness is established by proof. The declarations of the witness, not under oath, do not disprove these facts; for no fact in a court of justice, can be established: or, when established, can be destroyed, but by evidence; and nothing can be evidence, unless delivered under the sanction of an oath." In People, vs. Matteson, judge Walworth questions this decision only so far as it requires a witness to believe in a state of rewards and punishments in the world to come. He held a witness competent who believed in the existence of a God who would punish perjury either here or hereafter; but he concurred with chief justice Spencer, that a man could not be a competent witness who "believed in no punishment by an over-ruling Providence in this life, and (who) believed that at death he would perish with the brutes." In this case, no question arose of the right of a witness to qualify himself by a simple declaration of faith made at the trial, after he had been disqualified by evidence; and the case, therefore, does not conflict with Jackson and Gridley, and Curtis and Strong, on either of the points considered in Townsend's case.